CLERK'S OFFICE U.S DIST COURT
AT DANVILLE, VA
FILED
FEB - 1 2010
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| BRYAN J. VALENTINE,<br>    Plaintiff, | Civil Action No. 7:09-cv-00170 |
| v. | **MEMORANDUM OPINION** |
| SUPT. CHARLES POFF, et al.,<br>    Defendants. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Bryan J. Valentine, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Valentine names the Western Virginia Regional Jail ("Jail") as the sole defendant and filed numerous motions to amend in response to the court's conditional filing order. Plaintiff alleges that the Jail violated his constitutional rights to a religious diet, grievance forms, and contact visitation. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint as frivolous and for failing to state a claim upon which relief may be granted.

I.

A.

Plaintiff alleges the following in his complaint (docket #1). Plaintiff's religious diet requirements are not being complied with and he does not get enough calories from what the Jail feeds him. Plaintiff requested thirteen grievance forms and has not received any forms. Plaintiff is a Virginia Department of Corrections ("VDOC") prisoner and is entitled to contact visitation. Plaintiff requests as relief a proper diet, contact visits, outdoor recreation, a prison job, higher educational opportunities, prompt mail delivery, a chair to sit in, and religious services.

B.

In response to the court's conditional filing order advising plaintiff that he failed to state a claim upon which relief may be granted, plaintiff filed six motions to amend the complaint to join additional claims or parties to his original complaint. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the opposing party's written consent or my leave.[1] I should freely give leave when justice requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991).

However, I must also consider the more specific joinder provisions of Rules 19(a) and 20(a) when a plaintiff files a motion to amend that seeks to join additional defendants. Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611, 618 (4th Cir. 2001). The proposed additional defendants must have a right to relief asserted against them, "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the defendants. Fed. R. Civ. P. 20(a)(2).

---

[1] The defendants have not yet been served with the complaint.

I must also consider Rule 18 when a plaintiff seeks to join additional claims, which states, "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."

In plaintiff's first motion to amend (docket #6), plaintiff seeks to name Superintendent Charles Poff, Major Cox, and Major Winston instead of the Jail as the defendants to the claims plaintiff alleged in his complaint. In plaintiff's second and third motions to amend (docket #8, 9), plaintiff describes the claims he raised in his original complaint in greater detail. Plaintiff also seeks to add "Mr. Phillips of Canteen Services, Inc" because Phillips has "day to day oversight of [plaintiff's] claims." Finding that the claims against Supt. Poff, Major Cox, Major Winston, and Mr. Phillips arises from the same occurrences alleged in the complaint, I grant these motions and join these defendants.

In plaintiff's fourth motion to amend (docket #11), plaintiff seeks to add an Eighth Amendment claim about other prisoners with MRSR and to join "Kitchen Supervisor Davis" with Phillips because they both share supervisory authority over the Jail's kitchen. Plaintiff also describes his religious diet and food claims in greater detail. However, plaintiff's claim about other inmates with MRSR does not relate to any claim raised in the original complaint. Accordingly, I deny plaintiff's third motion to amend regarding the MRSR claim as violating Rules 18 and 20 and grant it to join Davis and add facts relevant to his other claims.

In his fifth motion to amend (docket #12), plaintiff complains that Conmed, Inc. and doctors Ali and Younes refuse to treat plaintiff for a pinched sciatic nerve in his back or for an inner ear problem. Like plaintiff's MRSR claim, these proposed defendants and the proposed medical claims against them do not arise from the claims and defendants proposed in the original

3

complaint. Accordingly, I deny plaintiff's fourth motion to amend for violating Rules 18 and 20.

In his sixth motion to amend (docket #13), plaintiff seeks the additional relief of damages in addition to the equitable relief he requested in his original complaint. I grant this motion, and plaintiff will seek damages and the relief also described in the original complaint.

C.

After reviewing plaintiff's original complaint and his granted motions to amend, plaintiff alleges the following facts and claims. Supt. Poff, Major Cox, Major Winston, Mr. Phillips, and Davis are liable because "they have day-to-day oversight" over the subject matter of plaintiff's claims. Plaintiff's religious diet has not been correct since April 10, 2009, and he does not eat enough calories because he has lost 25 pounds of fat and muscle since he arrived in April. (Second Mot. (docket #8) 1.) The Jail serves plaintiff bread that is not whole wheat, contains less than four grams of fiber, and is colored with caramel food coloring. (Third Mot. (docket #9) 1.) The bread is sometimes wet or stale. (Fourth Mot. (docket #11) 2.) Plaintiff is not served raw vegetables and rarely receives cooked vegetables. (Third Mot. 1.) When the vegetables are cooked, the vegetables fall apart which allegedly causes them to be nutritionally useless. (Id.) Jail staff serve plaintiff peanut butter with hydrogenated oil, but plaintiff is supposed to eat natural peanut butter with no added sugar, salt, or hydrogenated oils. (Id.) Jail staff serve plaintiff white rice, which has no nutritional value, and plaintiff is supposed to eat only natural brown rice. (Id.) Plaintiff is sometimes "short changed" on meals. (Fourth Mot. 2.)

Plaintiff has a pinched sciatic nerve in his back and has had burning or stabbing pain in his leg for the past two years before his arrival at the Jail. (Second Mot. 1.) Plaintiff told Jail staff about this condition upon his arrival at the Jail. Jail staff offered plaintiff pain killers that he

refuses to take. (Id.) Plaintiff has to either stand or sit on a "hard metal stool" because the Jail does not have comfortable chairs. (Compl. 3.)

Plaintiff does not receive contact visits, is not allowed to go outside the Jail to get direct sunlight, and is not receiving rehabilitation or higher education, all in violation of his rights as a VDOC prisoner held in a regional jail. (Second Mot. 2.) Jail staff do not respond to plaintiff's grievance requests. (Id.) Plaintiff is not afforded employment opportunities while at the Jail, and Jail staff deliver his mail one to three days late. (Compl. 3.) The Jail does not offer Islamic Services although the Jail has bible studies. (Id.)

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.

2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

A.

Plaintiff presents several claims that I dismiss as frivolous because "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal defendants pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). For example, plaintiff's complaint that has to sit on uncomfortable stools in the absence of more comfortable chairs is not a sufficient constitutional deprivation warranting § 1983 relief. Plaintiff also does not have a constitutional right to job opportunities while incarcerated. See, e.g., Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir. 1987) (reasoning that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding

that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir.1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection).

Plaintiff also does not have a constitutional right to a grievance procedure or access to any such procedure voluntarily established by a state. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, a claim that prison officials have not followed their own policies or procedures also does not amount to a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); Riccio v. County of Fairfax, Virginia, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue).

Plaintiff's complaint that his vegetables were mushy and his bread was stale or wet are also frivolous. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ("Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"). The provision of cold food is not, by itself, a violation of the Eighth Amendment as long as it is nutritionally adequate and is "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Brown v. Detella, 1995 U.S. Dist. LEXIS 13260, *8 (N.D. Ill. Sept. 7, 1995) (citing Ramos v. Lamm, 639 F.2d 559, 571 (10th Cir. 1980)). See Brown-El v. Delo, 969 F.2d 644, 648 (8th Cir. 1992) ("claim that [plaintiff's] constitutional rights were violated when he was served cold food is frivolous"). See also, infra., II.B. (discussing failure to state an Eighth Amendment claim about nutritionally inadequate food).

Although higher educational programming may serve an important rehabilitative

function, the plaintiff does not have a constitutional due process right to participate in a rehabilitative program. See Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Meachum v. Fano, 427 U.S. 215 (1976) (due process clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"). Moreover, plaintiff's mere allegation that he receives his private mail one to three days later than he thinks he should is not a constitutional violation. See, e.g., Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. Nov. 14, 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983). Moreover, plaintiff does not have a constitutional right to visitation privileges. See, e.g., Thorne v. Jones, 765 F.2d 1270, 1273 (5th Cir. 1985); White v. Keller, 438 F. Supp. 110 (D. Md. 1977), aff'd, 588 F.2d 913 (4th Cir. 1978); McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir. 1975). Accordingly, I dismiss these claims as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

B.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). To state a prima facie Eighth Amendment claim about conditions of confinement, a two prong test must be met: plaintiff must be able to show that there was a serious deprivation of a basic

human need and that prison officials were deliberately indifferent to the prison conditions. See, e.g., Wilson v. Seiter, 501 U.S. 294, 300(1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Plaintiff fails to establish the defendants' deliberate indifference for all of his remaining claims.

In order to show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). See Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) ("Deliberate indifference may be demonstrated by either actual intent or reckless disregard."). Plaintiff's only alleged causal connection between the defendants and his alleged injuries is the simple fact that the defendants have "oversight" over the management or operations from his injuries occurred, thus alleging supervisory liability. Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. See Shaw v. Stroud, 13 F. 3d 791, 799 (4th Cir. 1994) (citing Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990)). The plaintiff must show that a supervisor's inaction amounted to deliberate indifference or tacit authorization of the offense practiced. Miltier, 896 F.2d at 854. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's needs. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977) (stating supervisory liability under § 1983 may not be predicated on the theory of

respondeat superior).

Plaintiff clearly fails to establish supervisory liability against the defendants because he does not allege any facts to support any inference that the supervisor-defendants had knowledge that unknown subordinates engaged in any alleged unconstitutional conduct.[2] Consequently, plaintiff also does not allege how any supervisor-defendant's response constituted deliberate indifference or tacit authorization. In the absence of satisfying the first two elements of supervisory liability, plaintiff expectedly fails to establish any causal link between the supervisor-defendants and the alleged constitutional violations.

Furthermore, plaintiff's complaint about the medical staff's response to his pinched sciatic nerve also fails to state a claim. Plaintiff admits that staff offered plaintiff pain medication to alleviate his discomfort and he refused the treatment. Therefore, plaintiff admits that he received medical attention but not the medical treatment of his choice. As such, plaintiff's factual allegations fail to state a cognizable claim of deliberate indifference. See, e.g., Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam) (stating a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action under § 1983).

Besides failing to state a claim because of plaintiff's failure to establish the supervisor defendants' deliberate indifference, he also fails to establish a deprivation of a basic human need. Plaintiff must demonstrate both that the risk from the prison conditions was so grave that it violated contemporary notions of decency and that the prison condition resulted in serious or

---

[2]Furthermore, the grievances plaintiff filed with his verified statement do not support supervisory liability for the same reason.

10

significant physical or emotional injury. Strickler v. Waters, 989 F.2d 1375, 1379-81 (4th Cir. 1993).

"Allegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim so long as the deprivation is serious and the defendant is deliberately indifferent to the need." King v. Lewis, 2009 U.S. App. LEXIS 28734, *2 (4th Cir. Dec. 31, 2009) (citing Wilson v. Seiter, 501 U.S. 294 (1991) and Bolding v. Holshouser, 575 F.2d 461 (4th Cir. 1978)). Plaintiff's allegations of inadequate nutritional content fail to state a claim upon which relief may be granted because he fails to establish any deliberate indifference by the defendants. Moreover, plaintiff does not allege any mental or physical harm as a result of the alleged inadequate calories of his food. Although plaintiff alleges he lost twenty-five pounds of fat and muscle since his arrival at the Jail, the "deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the 'minimal civilized measure of life's necessities.'" Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Plaintiff admits receiving various portions of fruits, vegetables, juices, breads, and peanut butter, and plaintiff does not state his weight at the time he entered the Jail from which he allegedly lost twenty-five pounds. Moreover, plaintiff's simple conclusion that his diet does not have enough calories in the absence of additional alleged facts is insufficient to state a claim. Cf. King, 2009 U.S. App. LEXIS 28734 at *2 (particularly describing food quantities). See Twombly, 550 U.S. at 555 (stating that a plaintiff's mere conclusions are insufficient to state a claim).

Similarly, plaintiff's allegation that he should be allowed outside recreation in direct sunlight fails to state a claim because he does not allege that he experiences a near-total

11

deprivation of either recreation or daylight. Instead, plaintiff complains that he may not go outside the Jail in <u>direct</u> sunlight for his recreation. <u>Cf.</u> <u>Mitchell v. Rice</u>, 954 F.2d 187, 192 (4th Cir. 1992) (prisoners should have <u>some</u> exercise). Moreover, plaintiff fails to claim any resulting injury from the lack of <u>direct</u> sunlight versus diffused, indirect light from the Jail's windows and skylights.

Finally, although petitioner complains about the lack of Islamic services at the Jail, he does not allege any details for me to conclude that he has standing to litigate the claim. <u>See</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61(1992) (holding that standing requires injury, causation, and redressability); <u>Marshall v. Meadows</u>, 105 F.3d 904, 906 (4th Cir. 1997) (same). Plaintiff does not allege or establish any entitlement to religious services or a religious diet as part of any religious belief because he does not allege that he sincerely practices Islam, he sought to "practice" Islam at the Jail, or the Jail's policies or personnel prohibited his Islamic practice. Moreover, plaintiff does not establish that he has any sincerely held religious beliefs to warrant participation in Islamic services or meals. <u>See</u> <u>Thomas v. Review Bd. of Indiana Employment Security Div.</u>, 450 U.S. 707, 713-14 (1981) ("Only beliefs rooted in religion are protected by the Free Exercise Clause, which, by its terms, gives special protection to the exercise of religion."). Accordingly, plaintiff also fails to state a claim upon which relief may be granted.

III.

For the foregoing reasons, I grant plaintiff's first, second, third, and sixth motions to amend, grant in part and deny in part plaintiff's fourth motion to amend, deny plaintiff's fifth motion to amend, add and terminate relevant parties, and dismiss the complaint as frivolous and for failing to

state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 1st day of ~~January~~ Feb., 2010.

/s/ Jackson L. Kiser
Senior United States District Judge